# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DARRICK DION ANTWINE,<br><br>    Defendant. | Case No. CR-12-032-RAW |

## ORDER

Before the court is Defendant's motion for reduction in sentence in accordance with Amendment 782 [Docket No. 432]. Title 18, United States Code, section 3582(c)(2) allows a district court to reduce a sentence "based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 560 U.S. 817, 826 (2010). Here, Defendant cites Amendment 782, which retroactively decreased base offense levels for certain drug offenses.

Section 3582(c)(2) prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even authorized; the second question, a matter of discretion, is whether an authorized reduction is in fact warranted. United States v. White, 765 F.3d 1240, 1245 (10th Cir. 2014).

Here, Defendant's motion fails at the second step of the inquiry. Defendant was sentenced to an agreed term of imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C), not the Guidelines; thus, any amendment to the Guidelines does not apply to Defendant's sentence. Defendant argues that his sentence was nevertheless based on the Guidelines and should be

1

reduced in accordance with the Amendment.  The court does not agree.  While Defendant and the Government considered the Guidelines in making the Plea Agreement [Docket No. 185], for the consideration he received, Defendant agreed to a specific sentence of 240 months of imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C).  He is not entitled to a sentence reduction under § 3582.  Moreover, even taking into account Amendment 782, Defendant's sentence is lower than what his Guideline range would have been – 262 to 327 months.

The Tenth Circuit holds that if a sentence reduction is not authorized by § 3582, dismissal for lack of jurisdiction rather than denial is the appropriate disposition.  See United States v. Graham, 704 F.3d 1275, 1279 (10th Cir. 2013).  This court rules accordingly.  It is the order of the court that the motion of the Defendant for reduction of sentence [Docket No. 432] is hereby dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 25th day of October, 2016.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**